UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND STEAMFITTERS LOCAL 184 SUPPLEMENTAL PENSION PLAN**<br><br>and<br><br>**TRUSTEES OF THE PLUMBERS AND STEAMFITTERS LOCAL UNION NO. 184 EDUCATION AND TRAINING TRUST FUND**<br><br>and<br><br>**UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY LOCAL UNION 184**<br><br>    Plaintiffs,<br><br>v.<br><br>**MCREYNOLDS PROCESS PIPING AND PLUMBING, LLC**<br><br>    Defendant. | Case No.  5:20-cv-20-TBR |

**COMPLAINT**

1.      Plaintiffs, Trustees of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan and Plaintiffs, Trustees of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund are the fiduciaries of employee benefit plans (the "Plans"), and Plaintiff, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 is a collective bargaining unit organized in Paducah, Kentucky. Defendant, McReynolds Process Piping and Plumbing, LLC is an employer that is obligated to

make contributions to the Plans based upon a contractually agreed hourly rate so that Defendant's employees may participate and receive the employee benefits provided by the Plans. When an employer like McReynolds Process Piping and Plumbing, LLC refuses to remit contributions to the Plans as contractually required, the benefits provided by the Plans are put at risk. The Trustees of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan and the Trustees of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund have a fiduciary duty to attempt to collect all amounts due to the Plans, and therefore must act accordingly. Defendant McReynolds Process Piping and Plumbing, LLC has refused, or otherwise failed to make contributions to the Plans as contractually required, and thus this suit is levied.

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failure to remit contributions to employee benefit funds. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

2. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Western District of Kentucky, Paducah Division.

## PARTIES

3. Plaintiffs, Trustees of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan, ("Pension Plan Trustees") are the fiduciaries of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan ("Pension Plan"), a multi-employer benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan's principal place of business is located in Sumner County, Tennessee at 2001 Caldwell Drive, Goodlettsville, Tennessee 37072.

4. Plaintiffs, Trustees of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund ("Apprenticeship Fund Trustees"), are the fiduciaries of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund ("Apprenticeship Fund"), a multi-employer benefit plan and employee welfare benefit plan within the meaning of ERISA §§ 3(1), 29 U.S.C. §§ 1002(1). The Apprenticeship Fund's principal place of business is located in McCracken County, Kentucky at 5820 Benton Road, Paducah, Kentucky 42003.

5. Plaintiff, the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 (the "Union") is a labor organization as defined in 29 U.S.C. § 152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. § 1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7). The Union's principal place of business is located in McCracken County, Kentucky at 1332 Broadway Street, Paducah, Kentucky 42001.

6. Defendant, McReynolds Process Piping and Plumbing, LLC ("Defendant"), is a Kentucky limited liability company with its principal place of business located in Christian County, Kentucky at 8155 Old Buffalo Road, Gracey, KY 42232. At all material times herein,

Defendant was an employer as defined by Section 2(2) of the LMRA; 29 U.S.C. § 152(2), and Section 3(5) of ERISA; 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. § 1002(11); ERISA § 3(11), and 29 U.S.C. § 1002(12); ERISA § 3(12).

## RELEVANT FACTS

7. The Plumbers and Steamfitters Local 184 Supplemental Pension Plan was established by an Agreement and Declaration of Trust ("Pension Trust Agreement"), for the sole purpose of providing retirement and related benefits. (Exhibit A, Pension Trust Agreement, Article III, Section 1(a), at p. 5). The Pension Plan is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2) and is a "multi-employer plan" as defined by ERISA § 3(37) and 4001(a)(3); 29 U.S.C. § 1002(37).

8. The Pension Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5). The "plan sponsor" of the Pension Plan, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Pension Plan Trustees.

9. The Pension Plan Trustees are vested with the authority to collect employer contributions due to the Pension Plan. (Exhibit A, Pension Trust Agreement, Article IV, Section 1(a), (i), at pp. 6-7). Pursuant to this authority, the Pension Plan Trustees adopted the "Plumbers and Steamfitters Local No. 184 Supplemental Pension Plan Collection Policy and Procedures" ("Collection Policy"). (Exhibit B, Collection Policy).

10. The Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund was established by an Agreement and Declaration of Trust ("Apprenticeship Trust Agreement"), for the sole purpose of providing education and training to apprentices in the

plumbers and pipefitters trade. (Exhibit C, Apprenticeship Trust Agreement, Section 2.2, at pp. 18-19). The Apprenticeship Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1) and is a "multi-employer plan" as defined by ERISA § 3(37) and 4001(a)(3); 29 U.S.C. § 1002(37).

11. The Apprenticeship Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5). The "plan sponsor" of the Apprenticeship Fund, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Apprenticeship Fund Trustees.

12. The Apprenticeship Fund Trustees are vested with the authority to collect employer contributions due to the Apprenticeship Fund. (Exhibit C, Apprenticeship Trust Agreement, Section 7.4, at p. 60).

13. On or about July 30, 2015, Defendant through its duly authorized agent, executed the "United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 and West Kentucky Construction Employers Association, Inc." collective bargaining agreement ("CBA"), thereby becoming a party to the terms of the CBA. (Exhibit D, CBA).

14. As provided in Article III therein, the CBA automatically renews from year to year following its initial expiration on June 30, 2018. (Exhibit D, CBA). Accordingly, the CBA remained in force after June 30, 2018 as a result of its automatic renewal.

15. By executing the CBA, Defendant became obligated to remit contributions to the Pension Plan, Apprenticeship Fund, and other employee benefit plans, with monthly reports of the hours worked by employees performing covered work. (Exhibit D, CBA, Section 5, at pp. 21-26).

16. By executing the CBA, Defendant became obligated to withhold working assessments from its employees' wages on behalf of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 (the "Union"), the local union with whom Defendant had signed a CBA. Defendant was required to remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee. (Exhibit D, CBA, Section 4, at p. 21).

17. Despite having a contractual obligation to remit contributions and working assessments, with reports of hours worked, Defendant has refused or otherwise neglected to remit contributions and working assessments with reports of hours worked for the months of November 2019 through present day.

18. Because Defendant has failed to submit monthly reports of hours worked by covered employees for the months of November 2019 through the present day, Plaintiffs have no way of ascertaining the amount(s) Defendant owes in delinquent contributions, working assessments, liquidated damages, and interest for the months of November 2019 through present day.

19. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions, working assessments, liquidated damages, and accruing interest in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

**COUNT I**
**ERISA § 515, 29 U.S.C. § 1145**
**Failure to Remit Contributions, Working Assessments and Reports**

20. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

21. By executing the CBA, Defendant became obligated to comply with the terms of the CBA, Collection Policy, and Pension and Apprenticeship Trust Agreements (collectively "Trust Agreements"). (Exhibit D, CBA).

22. Pursuant to the CBA and/or Collection Policy, Defendant is obligated to remit contributions due to the Pension Plan, Apprenticeship Fund, and other employee benefit plans with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was performed. (Exhibit D, CBA, Section 5, at pp. 21-26; Exhibit B, Collection Policy, at p. 2).

23. Pursuant to the Trust Agreements, Defendant is required to remit contributions as delineated by the CBA. (Exhibit A, Pension Trust Agreement, Article V, Section 1(a), at pp. 8-9; Exhibit C, Apprenticeship Trust Agreement, Section 3.1, at p. 24).

24. Pursuant to the CBA, Defendant is obligated to withhold working assessments from its employees' wages on behalf of the Union and remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee. (Exhibit D, CBA, Section 4, at p. 21).

25. Despite having a contractual obligation, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of November 2019 through present day as required by the CBA and/or Collection Policy.

26. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit contributions due to the Pension Plan, Apprenticeship Fund, and other employee benefit plans for the months of November 2019 through present day as required by the CBA, Trust Agreements, and/or Collection Policy.

27. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit working assessments due to the Union for the months of November 2019 through present day as required by the CBA.

28. Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, working assessments, liquidated damages, and interest for the months of November 2019 through present day.

29. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Defendant is liable for delinquent contributions, liquidated damages, interest and attorneys' fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT II**
**LMRA § 301, 29 U.S.C. § 185**
**Breach of Contract and Failure to Remit Contributions, Working Assessments and Reports**

30. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

31. By executing the CBA, Defendant became obligated to comply with the terms of the CBA, Collection Policy, and Trust Agreements.  (Exhibit D, CBA).

32. Pursuant to the CBA and/or Collection Policy, Defendant is obligated to remit contributions due to the Pension Plan, Apprenticeship Fund, and other employee benefit plans with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was performed.  (Exhibit D, CBA, Section 5, at. pp. 21-26; Exhibit B, Collection Policy, at p. 2).

33. Pursuant to the Trust Agreements, Defendant is required to remit contributions as delineated by the CBA.  (Exhibit A, Pension Trust Agreement, Article V, Section 1(a), at pp. 8-9; Exhibit C, Apprenticeship Trust Agreement, Section 3.1, at p. 24).

34. Pursuant to the CBA, Defendant is obligated to withhold working assessments from its employees' wages on behalf of the Union and remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee. (Exhibit D, CBA, Section 4, at p. 21).

35. Despite having a contractual obligation, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of November 2019 through present day as required by the CBA and/or Collection Policy.

36. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit contributions due to the Pension Plan, Apprenticeship Fund, and other employee benefit plans for the months of November 2019 through present day as required by the CBA, Trust Agreements, and/or Collection Policy.

37. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit working assessments due to the Union for the months of November 2019 through present day as required by the CBA.

38. Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, working assessments, liquidated damages, and interest for the months of November 2019 through present day.

39. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore Plaintiff is entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### ERISA § 515, 29 U.S.C. § 1145
### Failure to Pay Liquidated Damages and Interest

40. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

41. By executing the CBA, Defendant became obligated to comply with the terms of the Collection Policy. (Exhibit D, CBA). Pursuant to the Collection Policy, contributions due to the Pension Plan, which are not received by the 25th day of the month following the month in which the work was performed are considered delinquent and are automatically assessed liquidated damages of 10% and interest accruing at 1% per month. (Exhibit B, Collection Policy, at p. 2).

42. Defendant has failed or otherwise neglected to remit contributions for the months of November 2019 through present day and therefore the contributions are delinquent. As such, Plaintiffs are entitled to liquidated damages assessed at 10% and accrued and accruing interest at 1% per month from their respective due dates for the months of November 2019 through present day.

43. Additionally, Defendant remitted untimely contributions for months prior to November 2019, thereby incurring $4,582.77 in liquidated damages.

44. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiff is entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

### COUNT IV
### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Pay Liquidated Damages and Interest

45. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

46. By executing the CBA, Defendant became obligated to comply with the terms of the Collection Policy. (Exhibit D, CBA). Pursuant to the Collection Policy, contributions due to the Pension Plan, which are not received by the 25th day of the month following the month in which the work was performed are considered delinquent and are automatically assessed liquidated damages of 10% and interest accruing at 1% per month. (Exhibit B, Collection Policy, at p. 2).

47. Defendant has failed or otherwise neglected to remit contributions for the months of November 2019 through present day and therefore the contributions are delinquent. As such, Plaintiffs are entitled to liquidated damages assessed at 10% and accrued and accruing interest at 1% per month from their respective due dates for the months of November 2019 through present day.

48. Additionally, Defendant remitted untimely contributions for months prior to November 2019, thereby incurring $4,582.77 in liquidated damages.

49. Defendant's actions are in breach of the CBA and Collection Policy, and therefore Plaintiff is entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)**
**Order Compelling Payroll Audit**

50. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

51. By executing the CBA, Defendant became obligated to comply with the terms of the CBA and Collection Policy. (Exhibit D, CBA).

52. Pursuant to the Collection Policy and governing case law, the Trustees of the Pension Plan and Apprenticeship Fund have the authority to compel employers to submit to payroll audits. (Exhibit B, Collection Policy, at pp. 1-2).

53. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Thus, Plaintiffs have no way of ascertaining the amount(s) owed in delinquent contributions, working assessments, liquidated damages, and interest.

54. Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand the following relief:

A.      Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of November 2019 through present day, in an amount to be determined;

B.      Judgment in favor of Plaintiffs and against Defendant for accumulated liquidated damages on the delinquent contributions from their respective due dates for the months prior to November 2019 in the amount of $4,582.77, plus interest and liquidated damages on contributions owed for November 2019 through present day, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C.      Judgment in favor of Plaintiffs and against Defendant for unpaid working assessments owed by Defendant for the period of November 2019 through present day, in an amount to be determined;

D.      An Order compelling Defendant to submit all delinquent reports of hours worked for the period of November 2019 through present day, and Judgment in favor of Plaintiffs and against Defendant for the amounts shown due and owing in such reports;

E.      Alternatively, if Defendant refuses to provide said reports, Plaintiffs request an Order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, working assessments, liquidated damages, and interest in an amount to be determined;

F.      An award of Plaintiffs' audit costs, if an audit is conducted to determine the amount of Defendant's obligation;

G.      That this Court retain jurisdiction over this cause pending compliance with all Orders;

      H.      An award of reasonable attorneys' fees incurred in connection with this action as provided for by the Trust Agreements and ERISA § 502(g); 29 U.S.C. § 1132(g); and

      I.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132 (g), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated:      January 27, 2020

      Respectfully submitted,

      /s/ Jennie G. Arnold
      Jennie G. Arnold
      LEDBETTER PARISI LLC
      5078 Wooster Road, Suite 400
      Cincinnati, Ohio 45226
      937-619-0900
      937-619-0999 (fax)
      *Counsel for Plaintiffs*